UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE TRENTECOSTE, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

MAVIS TIRE SUPPLY LLC,

Defendant.

**COMPLAINT**

**Docket No.:** 22-cv-5257

<u>Jury Trial Demanded</u>

SALVATORE TRENTECOSTE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MAVIS TIRE SUPPLY LLC ("Mavis" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**<u>NATURE OF CASE</u>**

1.     This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - a Delaware limited liability company that is headquartered in White Plains, New York, and which operates a nationwide tire sales and automobile services company - - at multiple locations in New York, as a store manager, a managerial position in name only, from June 2009 until May 2015, with the exception of December 2012 through November 2013, and then again from in or around October 2018 until October 23, 2021.  As described below, as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus any applicable tolling period pursuant to Governor Andrew M. Cuomo's Executive Orders, until the end of his employment ("the Relevant Period"), Defendant failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, despite Plaintiff's duties not qualifying him for any exemption, Defendant routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a workweek, but paid Plaintiff a flat weekly salary that did not include overtime premiums, and Defendant thus failed to pay Plaintiff at the statutorily-required overtime rate of one and one half times his regular rate for any hours that Plaintiff worked in a week over forty.

3.      Defendant further violated the NYLL by failing to provide Plaintiff with an accurate wage statement on each payday.

4.      Defendant paid and treated all of its store managers in, at least, New York, in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA.  Plaintiff brings his claims

under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA

Plaintiff, as that term is defined below, who opts into this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil

Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result

of Defendant's violations of the NYLL and its supporting regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action

arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked

pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a

substantial part of the actions or omissions giving rise to the claims for relief occurred within this

judicial district, in that Defendant is headquartered in this District and made all relevant decisions

with respect to the allegations at issue in the Complaint from within this District.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendant in New York and was

an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times herein, Defendant is a Delaware limited liability company with

its headquarters located at 358 Saw Mill Road, Millwood, New York 10546.

11.     At all relevant times herein, Defendant was and is an "employer" within the

meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Mavis's

qualifying annual business exceeded and exceeds $500,000, and Defendant was and is engaged in

interstate commerce within the meaning of the FLSA, as it employs two or more employees and

as it has store locations nationwide, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise with respect to all of Defendant's employees.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendant as a store manager, or in a similar position, in New York, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.     At all relevant times herein, Defendant is and has been aware of the requirement to pay its non-exempt employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so.  Specifically, Plaintiff complained to his supervisors on multiple occasions that the majority of his primary duties were that of customer service and a mechanic and not a supervisor, yet Defendant continued to not compensate him at his overtime rate for the hours that he worked over forty in a workweek.

4

15.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendant subjected to violations of the NYLL and the NYCRR.

17.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.     The class is so numerous that joinder is impracticable;

    b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.     Claims or defenses of the representative are typical of the class;

    d.     The representative will fairly and adequately protect the class; and

    e.     A class action is superior to other methods of adjudication.

18.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendant in New York as a store manager or in another similar position ("Rule 23 Plaintiffs").

### Numerosity

19.     At all times relevant to the NYLL, Defendant has employed, in total, at least forty employees who are putative members of the class.

### Common Questions of Law and/or Fact

20.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual

members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendant required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a workweek; (4) whether Defendant failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek; (5) whether Defendant furnished the Rule 23 Plaintiffs with a wage statement on each payday that accurately contained the information required by NYLL § 195(3); (6) whether Defendant kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (7) whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

21.     As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked, for Defendant, as store managers or in other similar positions, in New York, and Defendant did not: properly pay them overtime at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty; and/or provide them with an accurate wage statement on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages at the rate of one and one-half times their regular rates of pay for all hours worked each week over forty, and to be furnished with an accurate wage statement on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained

similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defense to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendant's defenses to those claims.

Adequacy

22.     Plaintiff, as described below, performed similar duties and worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant.  Defendant did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and did not did furnish Plaintiff with an accurate wage statement on each payday, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendant's Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

24.     Plaintiff has no, or very few, material facts relating to his claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any store manager, or person working in another similar position for Defendant, in New York, would be identical to a suit brought by any other similar

7

employee for the same violations alleged herein.  Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27.     Defendant is a Delaware limited liability company that operates a tire sales and automobile services company, which is headquartered at 358 Saw Mill Road, Millwood, New York, and which has more than 180 stores throughout New York, as well as additional stores in other states, such as Massachusetts, New Jersey, Pennsylvania, North Carolina, South Carolina, Georgia, Florida, Alabama, Louisiana, Mississippi, Texas, Illinois, Wisconsin, Indiana, Michigan, and Ohio, for a total of approximately 830 stores, if not more.

28.     Plaintiff worked for Defendant as a store manager from June 2009 until May 2015, with the exception of December 2012 through November 2013, and then again from in or around October 2018 until October 23, 2021.  From at least the beginning of the Relevant Period until in or around October 2018, Plaintiff worked as a store manager at store 62 in Ballston Spa, New York, and then from on or around December 2019 until October 23, 2021, at store 67 in Saratoga Springs, New York.  Before the Relevant Period, Plaintiff also worked at Defendant's stores in Westbury, Rockville Center, Niskayuna, and Schenectady, New York.

29.     As a store manager, despite his title, Plaintiff's primary duties were that of customer service and mechanic.  That is, Plaintiff's managerial responsibilities were limited as he did not set employees' work schedules or pay, enforce or implement Defendant's policies, and did not hire or fire employees or make recommendations of who to hire or fire that Defendant followed.

Instead, Plaintiff's primary duties, i.e., well more than fifty percent of his duties, were to work on cars, perform inspections, sell tires, and provide customer service.

30.     Throughout the Relevant Period, Defendant required Plaintiff to work, and Plaintiff did generally work, five days a week, typically from 7:45 a.m. to 9:00 or 9:30 p.m. on Thursdays, to 6:30 or 7:30 p.m. on Mondays, Tuesdays, and Fridays, and to 5:30 or 6:00 p.m. on Saturdays, unless it was "tire season," which ran from October through November, in which case Plaintiff typically worked from 7:45 a.m. to 11:00 p.m. each day, always without a scheduled or uninterrupted break during his shifts, for a total of between fifty-five hours and fifteen minutes to fifty-seven hours and forty-five minutes per week when it was not tire season, and sixty-six hours and fifteen minutes per week during tire season.

31.     For his work, during the Relevant Period, Defendant paid Plaintiff a flat salary of $1,000.00 per week, regardless of how many hours he worked in a week, plus a non-discretionary bonus determined, *inter alia*, by the profitability of the store.  Plaintiff's weekly salary did not include overtime premiums at the rate of one and one-half times his regular hourly rate for any hours that Plaintiff worked over forty in a week.

32.     By way of example only, for the week of April 11 to April 17, 2021, Defendant required Plaintiff to work, and Plaintiff did work, the following hours, without a scheduled or uninterrupted break during his shifts:

        Sunday, April 11, 2021: off;

        Monday, April 12, 2021: 7:45 a.m. to 7:00 p.m.;

        Tuesday, April 13, 2021: 7:45 a.m. to 7:00 p.m.;

        Wednesday, April 14, 2021: off;

        Thursday, April 15, 2021: 7:45 a.m. to 9:00 p.m.;

Friday, April 16, 2021: 7:45 a.m. to 7:00 p.m.; and

Saturday, April 17, 2021: 7:45 a.m. to 6:00 p.m.

Accordingly, Plaintiff worked a total of fifty-seven hours and fifteen minutes during this week. In exchange for his work, Defendant paid Plaintiff his flat weekly salary of $1,000.00, and failed to pay Plaintiff at the overtime rate of one and one-half times his regular hourly rate for the seventeen hours and fifteen minutes that he worked this week over forty.

33.     Throughout the Relevant Period, Defendant paid Plaintiff by check on a weekly basis.

34.     On each occasion when Defendant paid Plaintiff during the Relevant Period, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.

35.     Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

36.     Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

37.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

<u>**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**</u>
*Unpaid Overtime under the FLSA*

38.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

40.    As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

41.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

42.    Defendant willfully violated the FLSA.

43.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

44.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCRR*

45.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47.    As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

48.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

49.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

51.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

53.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

54.     As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

55.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

56.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.   Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

     e.   Certification of the claims brought in this case under the NYLL and the NYCRR pursuant to FRCP 23.

     f.   Awarding all damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

     g.   Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

     h.   Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

     i.   Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

     j.   Pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, other and further relief as this Court finds necessary and proper.

Dated:  June 22, 2022
            Garden City, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:   _____
CAITLIN DUFFY, ESQ. (CD 8160)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
MICHAEL J. BORRELLI, ESQ. (8533)

15